UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARKSON O. OFUOKO** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Markson O. Ofuoko, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Markson O. Ofuoko, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant, NCO, for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III.  PARTIES

4.  Plaintiff, Markson O. Ofuoko, (hereafter, Plaintiff) is an adult natural person residing in Wichita, Kansas. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.  Defendant, NCO Financial Systems, Inc. (hereafter, Defendant, NCO), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Kansas with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6.  Defendant, NCO, is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.  On or about May 22, 2013, Plaintiff started receiving constant collection calls from Defendant's agent, "Francisco Dominguez", attempting to collect on an alleged debt said to be owed to New Mexico Student Loan.

8.  Plaintiff received calls to his personal cell phone and to his place of employment from 800-266-7504.

9.  Defendant's agent, "Francisco Dominguez", threatened Plaintiff several times with wage garnishment if he failed to set up payment arrangements.

10. Plaintiff was said to owe a balance of approximately $12,564.70.

11. Defendant, NCO, includes in that balance a collection charge of $2,431.88.

12. Plaintiff informed the Defendant that he could not afford to pay at this time and that he would like the calls to stop.

13. Despite being informed that they Plaintiff wanted the calls to stop, between May 24, 2013 and May 29, 2013, Defendant continued to place constant calls to the Plaintiff.

14. At least one of the above referenced calls was answered by Plaintiff's wife, who was asked for the whereabouts of her husband because they were trying to collect on an outstanding debt.

15. On or about June 6, 2013, Defendant's agent, "Francisco Dominguez", placed a call to Plaintiff's place of business and left a public voice mail identifying himself as a debt collector from NCO and that he was calling to collect a debt from the Plaintiff.

16. Plaintiff was told to reference #6099036 and to call the Defendant back immediately at 800-266-7504.

17. The following day, June 7, 2013, Plaintiff received a follow-up call to his personal cell phone from the Defendant with the same message.

18. Plaintiff contacted the Defendant at that time informing them that calls to his work were strictly forbidden and that he needed them to stop calling him there.

19. On or about June 10, 2013, Defendant's agent, "Francisco Dominguez", placed another call to Plaintiff's work, clearly ignoring the fact that he was told calls to Plaintiff's place of employment were forbidden.

20. On or about June 14, 2013, Defendant again continued their harassing calls to Plaintiff's place of employment.

21. On or about June 19, 2013, Plaintiff received another voice mail at work.

22. On or about that same day, June 19, 2013, Plaintiff received his first letter in the mail from the Defendant which was enclosed with a "Notice Prior to Wage Withholding".

23. Plaintiff was ordered to establish a written repayment agreement with the Defendant on or before June 29, 2013, or the debt would be deducted from his pay.

24. Plaintiff was at no time informed of his rights to dispute this debt.

25. Defendant failed to issue a thirty (30)-day validation notice within five (5) days of their initial communication with the Plaintiff.

26. In the meantime, calls to Plaintiff's work and personal cell phone have continued.

27. Plaintiff has continued to demand that the calls to his place of employment stop.

28. On or about June 24, 2013, Defendant's agent again blatantly ignored Plaintiff's request to stop calling and called him at his office.

29.     On or about June 25, 2013, Defendant's agent again called Plaintiff's office.

30.     Defendant continues their barrage of calls to the Plaintiff with the clear intent to harass, oppress, and coerce the Plaintiff into making a payment on this debt.

31.     Plaintiff is fearful that the actions of the Defendant will result in the loss of his employment.

32.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

33.     Defendant, NCO, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, NCO, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

35.     At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

36.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish

and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - FDCPA**

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(3) | At place of employment when it knows the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

      §§ 1692g      Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit;

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## KANSAS CREDIT SERVICES ORGANIZATION ACT
## & KANSAS CONSUMER PROTECTION ACT

    40.    Paragraphs 1 through 39 are hereby incorporated by reference as though fully set out.

    41.    The Kansas Consumer Protection Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

    42.    Plaintiff is a "consumer" as that term is defined by K.S.A. 50-1117(b).

    43.    Plaintiff is a "consumer" as that term is defined by K.S.A. 50-624 (b).

    44.    The Defendants are each "suppliers" as that term is defined by K.S.A. 50-624(j).

45. The dealings between the Plaintiff and the Defendant constitute "consumer transactions" as that term is defined in the K.S.A. 50-624 (c).

46. Defendant is a "credit service organization" as that term is defined by K.S.A. 50-1117 (c), because each is a "person who engages in the business of debt management services for a fee, compensation or gain".

47. Defendant is in violation of the Kansas Credit Services Organization Act, because each is engaged in:

50-1121 (b)   misrepresentation of any material fact or false promise intended;

50-1121(c)   make or use false or misleading representation in debt management, services agreements or credit services;

50-1121(d)   Engage, directly or indirectly, in any fraudulent or deceptive act, practice or course of business in connection with an offer;

48. The Plaintiff seeks a declaration that the acts the Defendant violated the Kansas Credit Services Act and the Kansas Consumer Protection Act pursuant to K.S.A. 50-634 (a)(1), and in injunction against future violations pursuant to K.S.A. 50-634(a)(2).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Global Credit and Defendant, Capital One, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: June 28, 2013**

BY: <u>*/s/Brent F. Vullings bfv8435*</u>
Brent F. Vullings, Esq.
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
(P): 610-489-6060
(F): 610-489-1997
Attorney for Plaintiff